SOUTHERN INDIANA GAS AND ELECTRIC COMPANY *v.* ROBERT A. CORNELISON ET AL.

[No. 778S151. Filed July 26, 1978.]

Fred P. Bamberger, Jeffrey R. Kinney, Bamberger, Foreman, Oswald and Hahn, of counsel, of Evansville, for appellant. William H. Eichhorn, David C. Jensen, of Hammond, for Amici Curiae in support of appellant.

Theodore L. Sendak, Attorney General, David O. Finkenbinder, Robert S. Spear, Assistant Attorneys General, for appellees, Sheila S. Suess, Corporation Counsel, Joseph J. Reiswerg, Deputy Corporation Counsel, of Indianapolis, for Amici Curiae in support of appellees.

DEBRULER, J.—The Southern Indiana Gas and Electric Company (SIGECO), an Indiana public utility, brought an action in the Knox Circuit Court to enjoin the Indiana State Highway Commission and certain of its agents (commission) from interfering with SIGECO's employees while those employees used the right-of-way areas adjoining state highways. The circuit court denied the requested preliminary injunction and SIGECO appealed the denial to the Court of Appeals. That court reversed the trial court in an opinion reported at 368 N.E.2d 807. We grant transfer, reverse the decision of the Court of Appeals, and affirm the trial court's denial of the preliminary injunction.

A statute, Ind. Code § 8-13-4-3 (Burns 1973), requires any person seeking to dig up state highways or the adjoining right-of-way areas first to obtain a written permit from the commission. The commission requires applicants for such a permit to post a bond covering

the cost of restoring the highway or right-of-way, to agree to numerous conditions under which the work shall be performed, and to agree to indemnify the State for liability arising from injuries or damages caused by the work, even if such liability resulted from the negligence of the State's employees. SIGECO argues that it cannot constitutionally be subjected to the commission's permit requirement because SIGECO enjoys a contractual right against the State to occupy and use state highways for construction and maintenance of utility facilities, which right may not be impaired by the State consistent with the constitutional prohibition against the impairment of the obligation of contracts by the states. U.S. Const. art. 1, § 10, cl. 1.

The historical basis of SIGECO's contractual rights is ably described in the opinion of the Court of Appeals and will not be repeated here. The parties are in substantial agreement as to the status of their respective rights:

The commission admits that the utility possesses a contractual right to make use of land occupied by state highways and their rights of way; and

SIGECO admits that such use is subject to regulation by the State for the safety and convenience of the public by virtue of the State's police power.

The critical issue to the resolution of this case is whether the permit procedure employed by the commission and applied to SIGECO constitutes permissible regulation of SIGECO'S use of the highways or amounts to an impermissible impairment of SIGECO's contractual rights. We cannot agree with the Court of Appeals' selection of the latter alternative.

In determining whether the permit procedure is a reasonable regulation of the utility's exercise of its right to use the highways the courts are not free to substitute their own judgments of the wisdom and necessity of such regulation for that of the Legislature and its agencies.

"The central principle developed by [Contract Clause] decisions, beginning at least a century ago, has been that Contract Clause challenges such as that raised by appellant are to be resolved by according unusual deference to the lawmaking authority of state and local governments." *United States Trust Co. of New York* v. *New Jersey,* (1977) 431 U.S. 1, 46, 97 S. Ct. 1505, 1530, 52 L.Ed.2d 92 (Brennan, J., dissenting).

Although appearing in a dissenting opinion this statement unquestionably states the law of the last hundred years, as reflected in Mr. Justice Brennan's collection of authorities at 431 U.S. 50, 97 S.Ct. 1532.

Bearing in mind this restriction on the scope of judicial inquiry into the reasonableness of the permit procedure, we find that the Legislature and commission could reasonably have concluded that the permit procedure was an appropriate vehicle for regulation of highway utility construction work. Since obstruction or interference with the state highways poses a substantial threat to public safety and convenience, it is not unreasonable to require utilities to obtain prior commission approval by means of the permit system. That system also enables the commission to coordinate construction by various utilities and governmental agencies in the same area so as to minimize interference with highway traffic.

SIGECO argues, however, that the indemnification agreement to which it must adhere to obtain a permit has no connection with the regulation of the time or manner of its construction; it is rather an additional cost sought to be imposed upon SIGECO for the exercise of its rights to use the highway and right-of-way. The agreement provides:

"THE APPLICANT AGREES TO INDEMNIFY, DEFEND, EXCULPATE, AND HOLD HARMLESS THE STATE OF INDIANA, ITS OFFICIALS AND EMPLOYEES from any liability due to loss, damage, injuries, or other casualties of whatsoever kind, or by whomsoever caused, to the person or property of anyone on or off the right-of-way arising out of, or resulting from the issuance of this permit or the work connected therewith, or from the installation, existence, use, maintenance, condition, re-

pairs, alteration, or removal of any equipment or material, whether due in whole or in part to the negligent acts or omissions (1) of the State, its officials, agents, or employees; or (2) of the applicant, his agents or employees, or other persons engaged in the performance of the work, or (3) the joint negligence of any of them; including any claims arising out of the Workmen's Compensation Act or any other law, ordinance, order, or decree. The applicant also agrees to pay all reasonable expenses and attorneys' fees incurred by or imposed on the State in connection herewith in the event that the applicant shall default under the provisions of the paragraph."

We consider this provision to be a reasonable safeguard to the State against liability caused by a utility's excavations in the highway. While the language of the agreement would obligate SIGECO to indemnify the State for liability resulting from the negligence of the State's own employees, such indemnification is limited to liability arising out of construction under the permit. It simply renders the utility strictly liable, *vis a vis* the State, for any liability caused by the work done under the permit. The commission may have found such an apportionment of the liability for misperformed construction appropriate to deter negligence, in view of the difficulty inhering in the proof of causal connection between injury and alterations of the highways.

The Court of Appeals also considered the permit system in the abstract to impair SIGECO's right to use the highways, in that "the right to consent also implies the right to refuse, and thus completely prohibits the utilities' use of the highways." 368 N.E.2d at 811. We do not find this argument compelling. SIGECO has not sought or been refused a permit; the possibility of arbitrary denial by the commission is not sufficient ground to invalidate the statute.

SIGECO raised two issues in the Court of Appeals which were not treated by that court because of its reversal. The first is that the Legislature intended to exempt public utilities from commission regulation by the final proviso of Ind. Code § 8-13-2-9 (Burns 1973) which permits commission regulation

"subject to the rights of public utilities now vested in them by law." This argument begs the question, for the statute relied upon does not grant any rights to utilities, but merely holds that to the extent that the utilities have any vested rights, they may not be infringed by regulation. We have already seen that SIGECO has no claim that it is not subject to regulation for public safety and convenience. The other issue relates to the propriety of an injunction against interference with SIGECO's rights. Since SIGECO's rights are not being infringed, this issue is moot.

The decision of the Court of Appeals in this appeal is vacated and the judgment of the trial court is affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur; Hunter, J., dissents without opinion.

NOTE.—Reported at 378 N.E.2d 845.